1

2

3

4

5                   IN THE UNITED STATES DISTRICT COURT

6              FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8                                        No. C 02-1119 CW

9    THOMAS ALLEN DARBY,                 ORDER VACATING
                                         PREVIOUS JUDGMENT
10            Petitioner,                AND PREVIOUS
                                         ORDER GRANTING
11       v.                              PETITION, AND
                                         DENYING PETITION
12   ANA M. RAMIREZ-PALMER, Warden,      FOR WRIT OF
                                         HABEAS CORPUS
13            Respondent.

14   _____/

15

16       On September 6, 2005, this Court issued an Order Granting

17   Petition for a Writ of Habeas Corpus (September 6, 2005 Order)

18   based upon the Ninth Circuit decision <u>Bockting v. Bayer</u>, 399 F.3d

19   1010, 1011 (9th Cir.), <u>amended on denial of petition for reh'g</u>, 408

20   F.3d 1127 (9th Cir.), <u>petition for reh'g en banc denied</u>, 2005 WL

21   1906932 (9th Cir. Aug. 11, 2005), which applied <u>Crawford v.</u>

22   <u>Washington</u>, 541 U.S. 36 (2004) retroactively to Petitioner's

23   Confrontation Clause claim.[1]  Because the petition for a writ of

24   certiorari from the United States Supreme Court in <u>Bockting</u> was

25   pending, this Court stayed Respondent's implementation of the

26   _____

27       [1]The September 6, 2005 Order denied the other claims presented
     in the petition: due process and equal protection claims arising
     from the admission of prior bad acts.  Those rulings are
28   reaffirmed.

September 6, 2005 Order.  <u>See</u> September 6, 2005 Order at 28-29.
The Supreme Court granted certiorari in <u>Bockting</u> and on February
28, 2007, it issued its decision, <u>Whorton v. Bockting</u>, 127 S.Ct.
1173 (2007), in which it held that <u>Crawford</u> is not to be applied
retroactively, <u>id.</u> at 1184.

On March 26, 2007, the Court issued an Order Providing Notice
of Intent to Vacate Judgment Regarding Confrontation Clause Claim
Under Federal Rule of Civil Procedure 60(b) noting that a court may
<u>sua sponte</u> relieve a party from a final judgment or order, after
notice and an opportunity to be heard.  The Court gave notice to
the parties that it would vacate the judgment entered in favor of
Petitioner in order to re-analyze Petitioner's Confrontation Clause
claim under <u>Whorton v. Bockting</u>.  The Court provided Petitioner one
week to file an objection to vacating the judgment.  More than one
week has passed since the Court filed the March 26 Order and
Petitioner has not filed an objection.[2]  Therefore, under Federal
Rule of Civil Procedure 60(b), the Court vacates the previous order
and judgment granting the petition, re-analyzes Petitioner's
Confrontation Clause claim without application of <u>Crawford</u> and
DENIES the petition and sets aside the previous judgment.

The background, statement of facts, standard of review, and
the ruling on the due process and equal protection claims in the
September 6, 2005 Order will not be repeated here.

―――――――――――――――

   [2]On March 26, 2007, the same day the Court issued its Order
Providing Notice of Intent to Vacate Judgment, Petitioner filed a
Notice of Appeal.  However, on March 26, 2007, Petitioner could not
appeal because the only judgment that had been entered at that time
was in his favor granting his petition.

United States District Court
For the Northern District of California

DISCUSSION

In the September 6, 2005 Order, the Court addressed Petitioner's Confrontation Clause claim based on the admission of tapes of Ashley's audio- and video-taped interviews with Officer Kevin Stonebarger and Karen Lofts-Jarboe.  Because this claim was denied by the state courts on the merits, the Court considers whether the state courts' rejection of the claim was contrary to or an unreasonable application of settled federal law prior to Crawford.  28 U.S.C. § 2254(d).

I. Background of Confrontation Clause Claim

At trial, the court overruled Petitioner's objection to the admission of these audio- and video-taped interviews of Ashley.  On appeal, Petitioner claimed that admission of the taped interviews deprived him of the opportunity properly to cross-examine Ashley, in violation of the Confrontation Clause and the Fourteenth Amendment.  The state court found no merit to this claim.

The state court summarized its factual findings and legal conclusions regarding Petitioner's Confrontation Clause claim and opportunity for cross-examination as follows:[5]

> Defendant contends that under the circumstances of this case admission of the taped evidence pursuant to section 1360 denied him of his rights under the Confrontation Clause and the Fourteenth Amendment.  The Confrontation Clause of the Sixth Amendment of the United States Constitution (made applicable to the states through the Fourteenth Amendment), provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."  Defendant contends admission of Ashley's taped out-of-court statements violated his constitutional right to confront and cross-examine her.  Our upholding admission of the taped statements under exceptions to the

---

[5] The original footnote numbering is maintained.

3

United States District Court
For the Northern District of California

hearsay rule is not dispositive of this issue, because the Confrontation Clause excludes some hearsay evidence which is otherwise admissible. (<u>Idaho v. Wright</u> (1990) 497 U.S. 805, 814 [holding hearsay statements of child victim to pediatrician improperly admitted].)

The Confrontation Clause is concerned with ensuring reliability of evidence against a criminal defendant by "'subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact.'" (<u>Lilly v. Virginia</u> (1999) 527 U.S. __, __ [144 L.Ed.2d 117, 126, 119 S.Ct. 1887], quoting <u>Maryland v. Craig</u> (1990) 497 U.S. 836, 845.)  Having that purpose in mind, the United States Supreme Court has held that generally before it can be determined that incriminating statements which are admissible under an exception to the hearsay rule also meet the requirements of the Confrontation Clause, two criteria must be met: First, the prosecution must produce the declarant or show she is unavailable; and second, if the declarant is unavailable, her statement is admissible only if it bears "adequate 'indicia of reliability.'" (<u>Idaho v. Wright</u>, <u>supra</u>, 497 U.S. at pp.814-815, quoting <u>Ohio v. Roberts</u> (1980) 448 U.S. 56, 66.) Reliability will be inferred if the evidence falls within a "'firmly rooted hearsay exception.'" (<u>Idaho v. Wright</u>, <u>supra</u>, at p.815, citation omitted.)  If it does not, it must be excluded "'absent a showing of particularized guarantees of trustworthiness.' [Citations.]" (<u>Ibid.</u>)

As we have seen in the case at bench the unavailability requirement was met.  Like the "residual" hearsay exception examined in <u>Idaho v. Wright</u>, <u>supra</u>, the hearsay exception established in section 1360 in 1995 is not one which is "firmly rooted," so the question is whether the record supports a finding that the requirement of "particularized guarantees of trustworthiness" was met.

The court in <u>Idaho v. Wright</u> noted that out-of-court statements made by children regarding sexual abuse "arise in a wide variety of circumstances," and the Constitution does not impose "a fixed set of procedural prerequisites" for admission of hearsay statements by child victims of sexual abuse. (<u>Idaho v. Wright</u>, <u>supra</u>, 497 U.S. at p.818.)  Rather, in testing for the "particularized guarantees of trustworthiness," courts must look to the totality of circumstances which "surround the making of the statement and that render the declarant particularly worthy of belief."  (<u>Id.</u> at p.819.)

The court pointed out that in general, exceptions to the hearsay rule may arise where the circumstances indicate that cross-examination is unnecessary.  "In other words, if the declarant's truthfulness is so clear from the surrounding circumstances [for example in the case of an 'excited utterance'] that the test of cross-examination would be of

marginal utility, then the hearsay rule does not bar admission of the statement at trial." (Idaho v. Wright, supra, 497 U.S. at p.820.)  The court applied the same rationale to the "particularized guarantees of trustworthiness" required for admission under the Confrontation Clause.  The proffered evidence must possess indicia of reliability by virtue of its "inherent trustworthiness, not by reference to other evidence at trial." (Id., at p.822)  For that reason corroborating evidence cannot properly be used to support a hearsay statement's "particularized guarantees of trustworthiness." (Id., at p.823.[13])  Factors which may properly be considered by the trial court include "whether the child had a motive to 'make up a story of this nature,' and whether, given [her] age, the statements [were] of the type 'that one would expect a child to fabricate.' [Citation.]" (Id., at p.826.)  Also, where as here, there is no evidence of prior interrogation, prompting or manipulation by adults, the spontaneity of the statement may be viewed as one indicator of trustworthiness. (Id., at pp.826-827; In re Cindy L., supra, 17 Cal.4th at p.30; People v. Brodit, supra, 61 Cal.App.4th at pp.1329-1330.)

The United States Supreme Court has recognized the state's compelling interest in "'the protection of minor victims of sex crimes from further trauma and embarrassment'. . . ." (Maryland v. Craig (1990) 497 U.S. 836, 852, citations omitted.)  To that end, the court upheld a state procedure in which the child was permitted to testify via closed circuit television without having to appear directly in the defendant's presence.  The court found that although the procedure eliminated some of the subtle effects of the face-to-face element of confrontation, other elements of confrontation were preserved - oath, cross-examination and observation of the witness's demeanor. (Id., at p.851.)

Here, although the procedure pursuant to section 1360 eliminated oath and cross-examination, the element of observation was preserved on videotape and the "particularized guarantees of trustworthiness," required by the statute and discussed above, were present.  Ashley's statements were spontaneous and consistent in their repetition.  Her mental state did not cast doubt on her reliability.  She described incidents unexpected of a child her age, and no motive for

---

[13] The court gave this example: "Corroboration of a child's allegations of sexual abuse by medical evidence of abuse, for example, sheds no light on the reliability of the child's allegations regarding the identity of the abuser. There is a very real danger that a jury will rely on partial corroboration to mistakenly infer the trustworthiness of the entire statement." (Idaho v. Wright, supra, 497 U.S. at p. 824.)

5

fabrication appeared. (§ 1360, subd. (a)(2); <u>In re Cindy L.</u>, <u>supra</u>, 17 Cal.4th at pp.29-30; <u>People v. Brodit</u>, <u>supra</u>, 61 Cal.App.4th at p.1330.)  Too, there was corroborative evidence, not of the immaterial type disallowed by the <u>Idaho v. Wright</u> court, but evidence corroborating Ashley's story that defendant molested her.  In a letter to ADreanen Darby, defendant acknowledged he needed help and was praying to be sent to an institution.  The prior incidents with the three girls and defendant's collection of child pornography also qualified as "particularized guarantees of trustworthiness."

We conclude that on the facts of this case, the provision of section 1360 did not deprive defendant of his constitutional rights under the Confrontation Clause and the Fourteenth Amendment.

<u>People v. Darby</u>, A082278, 20-22 (Dec. 16, 1999).

## II. Applicable Federal Law

Under the Sixth Amendment, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. Const. amend. VI.  This confrontation right applies to the States through the Fourteenth Amendment. <u>Pointer v. Texas</u>, 380 U.S. 400, 403 (1965).  A defendant's right to cross-examine the witnesses brought against him is a fundamental right under the Confrontation Clause.  <u>Id.</u>  Before <u>Crawford</u>, Supreme Court authority held that this right may be satisfied without face-to-face confrontation at trial where denial of the confrontation right is "necessary to further an important public policy and only where the reliability of the testimony is otherwise assured."  <u>Maryland v. Craig</u>, 497 U.S. 836, 850 (1990).

Before <u>Crawford</u>, the Supreme Court held that the rights of the accused under the Sixth Amendment's Confrontation Clause may prohibit the introduction of evidence that otherwise would be admissible under a hearsay exception.  <u>Idaho v. Wright</u>, 497 U.S. 805, 813, 814 (1990).  Before <u>Crawford</u>, such out-of-court hearsay

statements could be admitted without violating the Confrontation Clause when they met the two-pronged test of unavailability and reliability.  Id. at 814-815 (citing Ohio v. Roberts, 448 U.S. 56, 65, 66 (1980)).  A witness's unavailability would be assumed where the trial court found the witness unavailable and defense counsel did not object.  Id. at 815-16.

Pre-Crawford, an out-of-court statement was admissible only if it bore adequate "indicia of reliability."  Id. at 814-15.  Pre-Crawford, the Confrontation Clause required the exclusion of all out-of-court statements, unless the circumstances provided an affirmative showing of the statement's reliability.  Id. at 821.  Pre-Crawford, reliability could be inferred where the evidence fell within a firmly rooted hearsay exception.  Id. at 814-15; see, e.g., People of the Territory of Guam v. Cepeda, 69 F.3d 369, 373 (9th Cir. 1995).  If the evidence did not fall within a firmly rooted hearsay exception, it could be admitted if it was supported by "a showing of particularized guarantees of trustworthiness."  Wright, 497 U.S. at 816.

Before Crawford, trustworthiness was shown from "the totality of the circumstances that surround the making of the statement and render the declarant particularly worthy of belief."  Id. at 820.  Prior to Crawford, corroborating evidence could not be used to demonstrate the trustworthiness of a hearsay statement.  Id. at 822.  "To be admissible under the Confrontation Clause, hearsay evidence used to convict a defendant must possess indicia of reliability by virtue of its inherent trustworthiness, not by reference to other evidence at trial."  Id.

United States District Court
For the Northern District of California

Prior to Crawford, in order to obtain habeas relief on the basis of an evidentiary error, a petitioner had to show that the error was one of constitutional dimension and that it was not harmless under Brecht v. Abrahamson, 507 U.S. 619 (1993).  The Petitioner had to demonstrate that the error had "'a substantial and injurious effect' on the verdict.'"  Dillard v. Roe, 244 F.3d 758, 767 n.7 (9th Cir. 2001) (quoting Brecht, 507 U.S. at 623).  If a court determined that the cumulative effect of various trial errors, including admission of evidence, "so infected the trial with unfairness as to make the resulting conviction a denial of due process," the substantial and injurious effect standard was necessarily satisfied and the conviction would have to be reversed. Thomas v. Hubbard, 273 F.3d 1164, 1179-80 (9th Cir. 2002) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)).

III. Analysis of Claim Based on Admission of Taped Statements

Petitioner's argument that his Sixth Amendment right to confrontation was violated when he was denied the opportunity to cross-examine Ashley, whose out-of-court testimony was admitted through taped statements, is unavailing under pre-Crawford federal law.

The primary federal law utilized in the state court's evaluation of Petitioner's Confrontation Clause claim was Idaho v. Wright.  In Wright, the Court found that the admission of hearsay statements made by a child victim of sexual abuse to an examining pediatrician was improper.  Id. at 808.  The Court followed the "general approach" to admitting hearsay statements in accordance with the rights afforded by the Confrontation Clause: First,

8

demonstrating the unavailability of the declarant; second, if the declarant is unavailable, demonstrating the statement "bears adequate 'indicia of reliability.'" Id. at 814-15 (quoting Ohio v. Roberts, 448 U.S. 56, 65 (1980)). The state court's reliance on Idaho v. Wright was correct because that was the leading Supreme Court case addressing Confrontation Clause claims prior to Crawford. The Court now considers whether the state court's rejection of Petitioner's claim was an unreasonable application of Idaho v. Wright.

In Wright, the Court was not called upon to determine whether the child victim was "unavailable," because both parties agreed the child was unavailable and the reviewing court did not take issue with this conclusion. Wright, 497 U.S. at 816. Similarly, Ashley's unavailability was never challenged, so this Court may assume she was unavailable. (See Darby, A082278 at 20.)

In determining whether the child's statement to her physician was reliable, the Wright Court first ruled that the residual hearsay exception in question was not a "firmly rooted hearsay exception," so that the statements were presumptively unreliable and inadmissible. Wright at 818 (quoting Lee v. Illinois, 476 U.S. 530, 543 (1986)). The Court then looked for indicators of trustworthiness to overcome the presumption against admission. Id. In the course of this analysis, the Court declined to establish prerequisites for the admission of out-of-court statements made by children about sexual abuse. Id. Instead, it looked to "the relevant circumstances includ[ing] only those that surround the making of the statement and that render the declarant particularly

worthy of belief." Id. at 819.  Persuasive indicators included spontaneity, consistent repetition, the mental state of the declarant, use of terminology unexpected of a child of similar age, and lack of motive to fabricate.  Id. at 821-22 (internal citations omitted).

In the present case, the taped evidence at issue was admitted under California Evidence Code § 1360 ("Statement describing child abuse or neglect made by child under age of 12").  The state court correctly followed the analytic procedure established in Wright. Because the court concluded that § 1360 was not a firmly rooted hearsay exception, it analyzed the taped testimony for particular guarantees of trustworthiness.  It found that such guarantees of trustworthiness were present in that Ashley's statements were spontaneous and consistent in their repetition, her mental state did not cast doubt on her reliability, she described incidents unexpected for a child of her age, she had no motive for fabrication and there was a lack of evidence of prior interrogation or manipulation by adults.  These factors were adequate to support the reasonableness of the court's ruling.

The state court also supported its finding of trustworthiness with the letter written by Petitioner to his then-spouse, Adrianna Darby[14], in which he "acknowledged he needed help and was praying to be sent to an institution," as well as prior uncharged incidents, and Petitioner's collection of child pornography.  (Id. at 22.)

---

[14]The state court identifies Petitioner's wife as ADreanan Darby and the clerk's transcript identifies her as Adrianna Darby. See CT at 223.  The Court uses the spelling in the clerk's transcript.

10

United States District Court
For the Northern District of California

This type of corroborating evidence does not support a finding of trustworthiness under <u>Wright</u>.  However, the state court had no need to use this corroborating evidence to support its conclusion that Ashley's statements were reliable.  The state court did not err in mentioning the additional corroborating evidence because it had sufficient proper indicators of reliability and trustworthiness to support its conclusion.

Accordingly, the state court's rejection of Petitioner's claim was not contrary to clearly established pre-<u>Crawford</u> Supreme Court precedent and was not an unreasonable application of pre-<u>Crawford</u> federal law as explicated by the Supreme Court.  This claim for habeas corpus relief is DENIED.

IV.  Analysis of Unexhausted Claim Based on Admission of Third-Party Hearsay Testimony

Petitioner also alleged a Confrontation Clause claim arising from the admission of out-of-court statements through the testimony of a third party.  This claim was not exhausted in state court and was not addressed in the September 6, 2005 Order.

The standard of review under AEDPA is somewhat different where there is no reasoned lower court decision on the claim.  In such a case, a review of the record is the only means of deciding whether the state court's decision was objectively reasonable.  <u>Plascencia v. Alameda</u>, 467 F.3d 1190, 1197-98 (9th Cir. 2006); <u>Himes v. Thompson</u>, 336 F.3d 848, 853 (9th Cir. 2003); <u>Greene v. Lambert</u>, 288 F.3d 1081, 1088 (9th Cir. 2002).  When confronted with such a decision, a federal court should conduct "an independent review of the record" to determine whether the state court's decision was an

11

unreasonable application of clearly established federal law.
Plascencia, 467 at 1198; Himes, 336 F.3d at 853; Delgado, 223 F.3d
at 982.   The federal court need not otherwise defer to the state
court decision under AEDPA:  "A state court's decision on the
merits concerning a question of law is, and should be, afforded
respect.   If there is no such decision on the merits, however,
there is nothing to which to defer."  Greene, 288 F.3d at 1089.
Even if there is no state court decision, a habeas court must
"still focus primarily on Supreme Court cases in deciding whether
the state court's resolution of the case constituted an
unreasonable application of clearly established federal law."
Fisher v. Roe, 263 F.3d 906, 914 (9th Cir. 2001).

     The court may deny a petition on the merits even if it is
unexhausted.  28 U.S.C. § 2254(b)(2).  Because there is no reasoned
state court decision to which to defer, the Court reviews the
record to determine if the state court decision was reasonable.
The Court concludes that the Confrontation Clause claim based on
third party testimony should be denied on the merits, even though
it is unexhausted.

     Petitioner claimed that his right to confrontation under the
Sixth Amendment was violated by the "admission of the child
victim's out of court statements through third persons."  (Petition
at 5.)  The third parties are never identified specifically in the
petition.[15]

---

[15]Respondent assumes that Petitioner referred to the testimony
of Nancy Y and Karen Lofts-Jarboe, the psychologist who interviewed
Ashley.  However, Ms. Lofts-Jarboe's interview with Ashley was
videotaped and the tape was played for the jury.  See RT at 751,

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Respondent argues that because Petitioner's claim of error in the admission of these out-of-court statements arises under state law, specifically the state evidence code, it is unreviewable by a federal habeas court.

Respondent is correct that it is not the province of this Court to review state court determinations of state law questions. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). A person in custody pursuant to the judgment of a State court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). State law violations, such as violations of the California Evidence Code, do not generally provide grounds for habeas relief. Estelle at 67-68. However, a state court's evidentiary ruling becomes subject to federal habeas review when the ruling violates federal law, either by infringing upon a specific federal constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process. See id. at 68 (citing 28 U.S.C. § 2241); Pulley v. Harris, 465 U.S. 37, 41 (1984); Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir. 1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). Petitioner claims that the erroneous admission of hearsay evidence under state law violated his federal constitutional right to confrontation. Therefore, the Court applies the pre-Crawford Idaho v. Wright

767. Therefore, the claim regarding Lofts-Jarboe was analyzed above in Section II, on the admission of audio and video-taped statements.

13

Confrontation Clause analysis to the trial court's admission of Nancy Y.'s hearsay statements.

As discussed above, prior to Crawford, out-of-court hearsay statements could be admitted if the witness was unavailable and the statement was reliable. Wright, 497 U.S. at 814-15. A statement was reliable when it fell within a firmly rooted hearsay exception or contained sufficient guarantees of trustworthiness. Id. at 816.

Again, because the trial court determined the witness was unavailable, the defense did not object and the reviewing court raised no concerns, this Court may assume without deciding that Ashley was an unavailable witness. See id. at 815-816.

The California court of appeal found the hearsay statements made by Ashley's grandmother were properly admitted as spontaneous statements. (Darby, A082278 at 10.) The "spontaneous declaration" exception is a firmly rooted exception for the purpose of pre-Crawford Confrontation Clause analysis. White v. Illinois, 502 U.S. 346, 356 n.8 (1992) (finding the exception for "spontaneous declarations" to be a firmly rooted hearsay exception because it is at least two centuries old). Therefore, the statements were sufficiently reliable under Idaho v. Wright.

The state court's admission of these hearsay statements did not deprive Petitioner of his federal constitutional rights under the Confrontation Clause of the Sixth Amendment. This claim for habeas corpus relief is DENIED.

CONCLUSION

Based on the foregoing, the September 6, 2005 Order and the September 6, 2005 Judgment are vacated, the petition for writ of

14

United States District Court
For the Northern District of California

habeas corpus is DENIED, and a new judgment in favor of Respondent

will be entered.   Both parties shall bear their own costs.

     IT IS SO ORDERED.

Dated: 5/8/07

_____
CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DARBY,

                Plaintiff,

    v.

RAMIREZ-PALMER,

                Defendant.

_____/

Case Number: CV02-01119 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 8, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christina  Vom Saal
CA State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco,  CA 94102-7004

Thomas A. Darby K-74687
9438 Rio Vista Rd.
Forestville,  CA 95436

Dated: May 8, 2007

                                  Richard W. Wieking, Clerk
                                  By: Sheilah Cahill, Deputy Clerk

**United States District Court**
For the Northern District of California